GARDEN, JUDGE:
As the result of an order issued by the respondent, a member of the Department of Public Safety, on April 22, 1979, picked up the claimant’s chauffeur’s license from him. The order had been sent out as the result of the claimant’s allegedly having issued a bad check to the respondent. At the time, the claimant was employed by the Donahue Excavating Company of Ripley, West Virginia, as a truck driver. Due to the loss of his license, claimant’s employer terminated his employment on April 23, 1979.
Claimant contended that the order issued by respondent, which resulted in the loss of his license, should have been directed to another individual with the same name who lived in the Charleston area. This contention was admitted by the respondent in its Answer.
Claimant employed an attorney to help him clear up the situation, and after securing several temporary licenses from respondent, the claimant’s chauffeur’s license was finally returned to him on May 28, 1979. Claimant testified that when his license was taken from him, he was earning $200.00 per week, and that as a result, he lost four days of work, or $160.00. He further testified that *54 he made four separate trips to Charleston, three from Ripley and one from Logan, in order to obtain restoration of his license at the expense of $20.00 per trip.
This situation, not intentionally created by the respondent, was an administrative error on the part of the respondent. The claimant did nothing to create the situation and should be compensated for his losses. An award is thus made in favor of the claimant in the amount of $240.00.
Award of $240.00.